**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2776
_____

GERSHWAIN SPRAUVE,
Appellant

v.

THE WEST INDIAN COMPANY LIMITED; JOSEPH BOSCHULTE, in his Personal
Capacity and as President and Chief Executive Officer of the West Indian Company
Limited; BOARD OF DIRECTORS OF THE WEST INDIAN COMPANY LIMITED
_____

No. 17-2777
_____

ANDREA V. SMITH,
Appellant

v.

THE WEST INDIAN COMPANY LIMITED; JOSEPH BOSCHULTE, in his Personal
Capacity and as President and Chief Executive Officer of the West Indian Company
Limited; BOARD OF DIRECTORS OF THE WEST INDIAN COMPANY LIMITED
_____

On Appeal from the District Court
of the Virgin Islands
(Nos. 3:13-cv-00008 & No. 3:13-cv-00030)
District Judge:  Hon. Susan D. Wigenton
_____

Argued:  December 13, 2018

Before:  CHAGARES, HARDIMAN, and RESTREPO, Circuit Judges.

(Filed: January 17, 2019)

Karin A. Bentz        [ARGUED]
The Law Offices of Karin A. Bentz
5332 Raadets Gade, Suite 3
St. Thomas, VI 00801
        *Counsel for Appellants*

Adriane J. Dudley
Carol A. Rich        [ARGUED]
Dudley Rich
5194 Dronningens Gade, Suite 3
St. Thomas, VI 00802
        *Counsel for Appellees*

_____

OPINION[*]

_____

CHAGARES, Circuit Judge.

Gershwain Sprauve and Andrea Smith appeal the District Court's grant of

summary judgment in favor of West Indian Company Limited ("WICO") and Joseph

Boschulte.  Sprauve and Smith argue that the District Court erred in concluding that they

failed to establish a procedural due process claim.  For the following reasons, we will

affirm.

I.

WICO was founded in 1912, starting as a coal bunkering business and eventually

developing into the "Port Agent" of the port of Charlotte Amalie in St. Thomas.  Sprauve

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

v. W. Indian Co., 799 F.3d 226, 227 (3d Cir. 2015).  In 1993, it was purchased by the Government of the Virgin Islands, becoming "a public corporation and governmental instrumentality."  Id.

Gershwain Sprauve began working at WICO in 1997 as Manager of Mall Operations.  In 2010 and again in 2011, he applied to become WICO's President and CEO.  WICO's Board, however, awarded the position to Joseph Boschulte, and the relationship between Sprauve and Boschulte quickly soured.  Boschulte accused Sprauve of insubordination, prompting Sprauve to complain about him to the Board.  Ultimately, in August 2012, Boschulte fired Sprauve for failing to attend a legislative hearing — a hearing Sprauve claims he was neither directed nor asked to attend.

Andrea Smith began working at WICO in 1981 as a bookkeeper.  Over time, she worked her way up the ladder, eventually becoming WICO's Chief Financial Officer.  She also served as WICO's Acting President and CEO for nearly a year until Boschulte was hired.  Smith alleges that Boschulte became upset with her after she denied his request for reimbursement of certain expenses.  According to Smith, Boschulte was not entitled to reimbursement because he was not a WICO employee.  Smith alleges that Boschulte became angry with her again when he discovered that the Board had interviewed her while investigating Sprauve's complaint.  In January 2013, Boschulte fired Smith for "failure to execute."  Joint Appendix ("JA") 750.

3

Sprauve and Smith each sued Boschulte and WICO, alleging a host of claims under both federal and Virgin Islands law.[1] Most relevant to this appeal, they both alleged that their terminations violated their respective Fourteenth Amendment rights to due process. The District Court granted summary judgment in both cases in favor of the defendants on all the federal claims.[2] Regarding Sprauve's and Smith's due process claims in particular, the District Court found that they had "no property right in [their] continued employment and, consequently, no claim under the Fourteenth Amendment." JA 75; see also JA 36.

Sprauve and Smith timely appealed.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), and we have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a grant of summary judgment is de novo. Thomas v. Cumberland Cty., 749 F.3d 217, 222 (3d Cir. 2014). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(a)).

---

[1] The District Court initially dismissed the suits, holding that the federal claims, premised on constitutional violations, failed because WICO and Boschulte were not state actors. Sprauve, 799 F.3d at 228–29. But we reversed, holding that "WICO must be considered a government entity for the purposes of Sprauve's and Smith's constitutional claims." Id. at 227.

[2] In both cases, the District Court declined to exercise supplemental jurisdiction over the claims arising under Virgin Islands law.

4

III.

To establish a procedural due process claim under the Fourteenth Amendment, a plaintiff must show a deprivation of a constitutionally protected "property" interest. <u>Iles v. de Jongh</u>, 638 F.3d 169, 173 (3d Cir. 2011). Public employees who can be fired only "for cause" have such a protected property interest in their continued employment. <u>Gilbert v. Homar</u>, 520 U.S. 924, 928–29 (1997). Sprauve and Smith argue that they had such protection because they were "regular employees," a category of public employees in the Virgin Islands who cannot be fired without cause. <u>See</u> V.I. Code tit. 3, § 530(a)(2)(C)(ii).[3]

Sprauve's and Smith's argument assumes that WICO employees, like themselves, are public employees within the executive branch of the Virgin Islands Government. But we do not decide that issue here because, regardless, Sprauve and Smith have produced no evidence that they were "regular employees" under § 530.

A "regular employee" is one who has either "been appointed to a position in the classified or career service or served in a temporary position for more than two years in a department or agency of the executive branch or in an instrumentality." V.I. Code tit. 3, § 530(a)(2)(C)(i). Sprauve and Smith have not proven either. First, they have not

---

[3] WICO and Boschulte contend that we should not consider this argument because Sprauve and Smith failed to raise it below. It is true, generally, "that a federal appellate court does not consider an issue not passed upon below." <u>Singleton v. Wulff</u>, 428 U.S. 106, 120 (1976). Here, though Sprauve and Smith did not raise their "regular employees" argument below, the District Court still discussed it. Because the argument was thus "passed upon below," <u>id.</u> at 120, we will consider it.

5

demonstrated that they were "appointed to a position in the classified or career service."

Id. (emphasis added). Under Title 3, Chapter 25 of the Virgin Islands Code, appointment is a particular process. A "department head" looking to fill a position must "submit to the Director of Personnel a statement showing the position to be filled and the duties of the position." Id. § 526(a). The Director of Personnel then certifies a list of "no fewer than three eligibles for such position," from which the "appointing authority, after consultation with the department head[,] shall appoint one of those whose names are certified." Id. There is no evidence in the record that Sprauve or Smith obtained their jobs in this manner.[4]

Second, Sprauve and Smith have not shown that they "served in a temporary position for more than two years in a department or agency of the executive branch or in an instrumentality." Id. § 530(a)(2)(C)(i). Even if we assume, without deciding, that WICO counts as "a department or agency of the executive branch" or an "instrumentality," Sprauve and Smith have neither argued nor shown that any of the positions they held over their many years of service were temporary. Perhaps the only role that either of them occupied that could be construed as "temporary" was Smith's position as Interim President and CEO — and Smith had that role for less than a year.

---

[4] Sprauve and Smith insist that they were appointed to their positions because WICO had competitive hiring procedures. But WICO's use of a competitive hiring process does not mean that its employees were "appointed." As explained above, appointment involves filling a position based on a certified list provided by the Director of Personnel. See V.I. Code tit. 3, § 526. Exceptions to the appointments process exist, but Sprauve and Smith do not claim any apply here. See, e.g., id. § 529 (emergency appointments).

Accordingly, Sprauve and Smith have not established that they are entitled to for-cause protection. As they do not offer any other basis for reversal, we hold that the District Court properly granted summary judgment on their due process claims.[5]

IV.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment.

---

[5] Our decision in Sprauve is not to the contrary. We held there "that WICO must be considered a government entity for the purposes of Sprauve's and Smith's constitutional claims." 799 F.3d at 227. That does not mean that WICO's employees are "regular employees" under § 530. Indeed, we emphasized that we were "only examining whether WICO is a government entity for the purpose of determining whether constitutional claims can be lodged directly against it." Id. at 230 n.3.